**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 1:20-cv-02401-RBJ

SHAWNA RODARTE,

      Plaintiff,

v.

ETHICON, INC. and JOHNSON & JOHNSON,

      Defendants.

---

**ANSWER AND DEFENSES OF DEFENDANT JOHNSON & JOHNSON TO
PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

---

Defendant Johnson & Johnson, by and through its attorneys, responds to Plaintiff's First Amended Complaint and Jury Demand ("Amended Complaint") as follows:

## RESPONSE TO "PARTIES" [1]

1.      Johnson & Johnson lacks sufficient knowledge or information to know whether Plaintiff Shawna Rodarte was treated with any of Ethicon, Inc.'s products; therefore, Johnson & Johnson denies that allegation. Johnson & Johnson admits only that Ethicon, Inc. designed, developed, manufactured, tested, promoted, marketed, distributed, and sold certain pelvic mesh products, including TVT Exact Continence System (hereinafter "TVT Exact"), for uses consistent with the packaging and labeling. Johnson & Johnson does not design, develop, manufacture, test, package, promote, market, advertise, distribute, label, or sell any product.

---

[1] The repetition of the Amended Complaint's subheadings in the Answer is done solely for organizational purposes and is not an admission as to their truth.

Johnson & Johnson denies the remaining allegations contained in Paragraph 1 of Plaintiff's Amended Complaint.

2.      Johnson & Johnson admits that it is a New Jersey corporation with its principal place of business located at One Johnson & Johnson Plaza, New Brunswick, New Jersey. Johnson & Johnson further admits that its website speaks for itself. With respect to the remaining allegations in Paragraph 2 of Plaintiff's Amended Complaint, Johnson & Johnson is a holding company for companies with a primary focus on providing products and services related to human health and well-being. Each of the subsidiary companies operates independently of Johnson & Johnson. Johnson & Johnson's subsidiaries are organized in three business segments: Consumer, Pharmaceutical, and Medical Devices. The companies within these segments are financially and operationally independent. Johnson & Johnson admits that Ethicon, Inc. designed, developed, manufactured, tested, marketed, promoted, distributed, and sold certain pelvic mesh products, including but not limited to TVT Exact, for uses consistent with the packaging and labeling. Johnson & Johnson does not design, develop, manufacture, test, market, promote, distribute, or sell any product. Johnson & Johnson further admits that in 2009, Mr. Gary Pruden became Company Group Chairman of Ethicon. In 2012, he was named Worldwide Chairman, Global Surgery Group, and in 2015, Worldwide Chairman, Medical Devices. Mr. Pruden retired effective June 1, 2017. Johnson & Johnson denies the remaining allegations contained in Paragraph 2 of Plaintiff's Amended Complaint and all allegations inconsistent with the foregoing.

3.      Johnson & Johnson admits that Ethicon, Inc. is a New Jersey corporation with its principal place of business in New Jersey, and it is a wholly owned subsidiary of Johnson &

Johnson. Johnson & Johnson denies any remaining allegations contained in Paragraph 3 of Plaintiff's Amended Complaint.

4.     Johnson & Johnson admits that Ethicon, Inc. designed, manufactured, tested, marketed, promoted, and sold certain pelvic mesh devices, including TVT Exact, for uses consistent with the packaging and labeling. Johnson & Johnson does not design, manufacture, test, market, promote, package, label, or sell any product. Johnson & Johnson further admits that TVT Exact has been available for purchase in the State of Colorado. Johnson & Johnson lacks sufficient knowledge or information to know whether Plaintiff Shawna Rodarte was treated with any of Ethicon, Inc.'s products; therefore, Johnson & Johnson denies that allegation. Johnson & Johnson denies the remaining allegations contained in Paragraph 4 of Plaintiff's Amended Complaint.

5.     Johnson & Johnson admits that Ethicon, Inc. has certain duties imposed on it by law but denies that Ethicon, Inc. breached any of those duties. Johnson & Johnson denies the remaining allegations contained in Paragraph 5 of Plaintiff's Amended Complaint.

## RESPONSE TO "JURISDICTION AND VENUE"

6.     Johnson & Johnson is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint; therefore, Johnson & Johnson denies those allegations.

7.     Paragraph 7 of Plaintiff's Amended Complaint states a legal conclusion and requires no response by Johnson & Johnson. To the extent a response is required, Johnson & Johnson is without sufficient knowledge or information so as to form a belief as to the truth of

the factual allegations and legal conclusions contained in Paragraph 7 of Plaintiff's Amended Complaint; therefore, Johnson & Johnson denies those allegations.

8.    Paragraph 8 of Plaintiff's Amended Complaint states a legal conclusion and requires no response by Johnson & Johnson. To the extent a response is required, Johnson & Johnson is without sufficient knowledge or information so as to form a belief as to the truth of the factual allegations and legal conclusions contained in Paragraph 8 of Plaintiff's Amended Complaint; therefore, Johnson & Johnson denies those allegations and conclusions.

9.    Paragraph 9 of Plaintiff's Amended Complaint states a legal conclusion and requires no response by Johnson & Johnson. To the extent a response is required, Johnson & Johnson is without sufficient knowledge or information so as to form a belief as to the truth of the factual allegations and legal conclusions contained in Paragraph 9 of Plaintiff's Amended Complaint; therefore, Johnson & Johnson denies those allegations and conclusions.

## RESPONSE TO "FACTUAL BACKGROUND"

10.    The first three sentences in Paragraph 10 of Plaintiff's Amended Complaint make no allegations against Johnson & Johnson and require no response by Johnson & Johnson. In response to the fourth and fifth sentences in Paragraph 10 of Plaintiff's Amended Complaint, Johnson & Johnson admits only that Ethicon, Inc. manufactured and sold pelvic mesh products, including TVT Exact, for uses consistent with the packaging and labeling. Johnson & Johnson does not manufacture or sell any product. In response to the last sentence contained in Paragraph 10 of Plaintiff's Amended Complaint, Johnson & Johnson admits only that Ethicon, Inc.'s TVT Exact is a Class II medical device. Johnson & Johnson denies the remaining allegations contained in Paragraph 10 of Plaintiff's Amended Complaint.

4

11.     Johnson & Johnson lacks sufficient knowledge or information to know whether Plaintiff Shawna Rodarte was treated with any of Ethicon, Inc.'s products; therefore, Johnson & Johnson denies that allegation. Johnson & Johnson admits only that Ethicon, Inc. promoted TVT Exact for uses consistent with the packaging and labeling. Johnson & Johnson does not promote any product. Johnson & Johnson denes the remaining allegations contained in Paragraph 11 of Plaintiff's Amended Complaint.

12.     Johnson & Johnson admits only that TVT Exact contains polypropylene mesh. Johnson & Johnson denies the remaining allegations contained in Paragraph 12 of Plaintiff's Amended Complaint.

13.     Johnson & Johnson admits that the FDA cleared TVT-Exact under the Section 510(k) Premarket Notification. Johnson & Johnson admits further that Section 510(k) of the Food, Drug, and Cosmetics Act and any regulations promulgated thereunder speak for themselves. Johnson & Johnson denies the remaining allegations contained in Paragraph 13 of Plaintiff's Amended Complaint as phrased.

14.     Johnson & Johnson lacks sufficient knowledge or information to know whether Plaintiff Shawna Rodarte was treated with any of Ethicon, Inc.'s products; therefore, Johnson & Johnson denies that allegation. Johnson & Johnson admits only that Ethicon, Inc. marketed TVT Exact for uses consistent with the labeling and packaging, and that it is safe and effective for uses consistent with the labeling and packaging. Johnson & Johnson does not market any product. Johnson & Johnson denies the remaining allegations contained in Paragraph 14 of Plaintiff's Amended Complaint.

15.     Johnson & Johnson lacks sufficient knowledge or information to know whether Plaintiff Shawna Rodarte was treated with any of Ethicon, Inc.'s products; therefore, Johnson & Johnson denies that allegation. Johnson & Johnson denies the remaining allegations contained in Paragraph 15 of Plaintiff's Amended Complaint.

16.     Johnson & Johnson lacks sufficient knowledge or information to know whether Plaintiff Shawna Rodarte was treated with any of Ethicon, Inc.'s products; therefore, Johnson & Johnson denies that allegation. Johnson & Johnson denies the remaining allegations contained in Paragraph 16 of Plaintiff's Amended Complaint.

17.     Paragraph 17 of Plaintiff's Amended Complaint makes no allegations against Johnson & Johnson and requires no response by Johnson & Johnson. To the extent a response is required, Johnson & Johnson admits that Paragraph 17 of Plaintiff's Amended Complaint accurately quotes certain content taken from the FDA's July 13, 2011 Safety Communication. Johnson & Johnson further admits that the FDA's July 13, 2011 Safety Communication speaks for itself. Johnson & Johnson denies the remaining allegations contained in Paragraph 17 of Plaintiff's Amended Complaint.

18.     Paragraph 18 of Plaintiff's Amended Complaint makes no allegation against Johnson & Johnson and requires no response by Johnson & Johnson. To the extent a response is required, Johnson & Johnson admits that Paragraph 18 of Plaintiff's Amended Complaint accurately quotes certain content taken from the FDA's July 13, 2011 Safety Communication. Johnson & Johnson further admits that the FDA's July 13, 2011 Safety Communication speaks for itself. Johnson & Johnson denies the remaining allegations contained in Paragraph 18 of Plaintiff's Amended Complaint.

19.     Paragraph 19 of Plaintiff's Amended Complaint makes no allegations against Johnson & Johnson and requires no response by Johnson & Johnson. To the extent a response is required, Johnson & Johnson admits only that the December 2011 Joint Committee Opinion of the American College of Obstetricians ("ACOG") and the American Urogynecologic Society ("AUGS") speaks for itself. Johnson & Johnson denies the remaining allegations contained in Paragraph 19 of Plaintiff's Amended Complaint.

20.     Johnson & Johnson is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Amended Complaint; therefore, Johnson & Johnson denies those allegations.

21.     Johnson & Johnson admits only that the July 13, 2011 FDA Safety Communication speaks for itself. Johnson & Johnson denies the remaining allegations contained in Paragraph 21 of Plaintiff's Amended Complaint as phrased.

22.     Paragraph 22 of Plaintiff's Amended Complaint makes no allegation against Johnson & Johnson and requires no response by Johnson & Johnson. To the extent a response is required, Johnson & Johnson admits only that any content published by the FDA speaks for itself. Johnson & Johnson denies the remaining allegations contained in Paragraph 22 of Plaintiff's Amended Complaint.

23.     Paragraph 23 of Plaintiff's Amended Complaint makes no allegation against Johnson & Johnson and requires no response by Johnson & Johnson. To the extent a response is required, Johnson & Johnson admits only that any content published by the FDA speaks for itself. Johnson & Johnson denies the remaining allegations contained in Paragraph 23 of Plaintiff's Amended Complaint.

24.     Johnson & Johnson denies the allegations contained in Paragraph 24 of Plaintiff's Amended Complaint.

25.     Johnson & Johnson lacks sufficient knowledge or information to know whether Plaintiff Shawna Rodarte was treated with any of Ethicon, Inc.'s products; therefore, Johnson & Johnson denies that allegation. Johnson & Johnson denies the remaining allegations contained in Paragraph 25 of Plaintiff's Amended Complaint.

26.     Johnson & Johnson denies the allegations contained in Paragraph 26 of Plaintiff's Amended Complaint.

27.     Johnson & Johnson lacks sufficient knowledge or information to know whether Plaintiff Shawna Rodarte was treated with any of Ethicon, Inc.'s products; therefore, Johnson & Johnson denies that allegation. Johnson & Johnson denies the remaining allegations contained in Paragraph 27 of Plaintiff's Amended Complaint.

28.     Johnson & Johnson lacks sufficient knowledge or information to know whether Plaintiff Shawna Rodarte was treated with any of Ethicon, Inc.'s products; therefore, Johnson & Johnson denies that allegation. Johnson & Johnson denies the remaining allegations contained in Paragraph 28 of Plaintiff's Amended Complaint.

29.     Johnson & Johnson admits that the FDA's website speaks for itself. Johnson & Johnson denies the remaining allegations contained in Paragraph 29 of Plaintiff's Amended Complaint.

30.     Johnson & Johnson denies the allegations contained in Paragraph 30 of Plaintiff's Amended Complaint.

31.     Johnson & Johnson denies the allegations contained in Paragraph 31 of Plaintiff's Amended Complaint.

32.     Johnson & Johnson admits only that Ethicon, Inc. marketed TVT Exact for uses consistent with the labeling and packaging, and that it is safe and effective for uses consistent with the labeling and packaging. Johnson & Johnson does not market any product. Johnson & Johnson denies the remaining allegations contained in Paragraph 32 of Plaintiff's Amended Complaint.

33.     Johnson & Johnson lacks sufficient information and belief to know whether Plaintiff Shawna Rodarte was treated with any of Ethicon, Inc.'s products; therefore, Johnson & Johnson denies that allegation. Johnson & Johnson denies the remaining allegations contained in Paragraph 33 of Plaintiff's Amended Complaint.

34.     Johnson & Johnson lacks sufficient knowledge or information to know whether Plaintiff Shawna Rodarte was treated with any of Ethicon, Inc.'s products; therefore, Johnson & Johnson denies that allegation. Johnson & Johnson denies the remaining allegations contained in Paragraph 34 of Plaintiff's Amended Complaint.

35.     Johnson & Johnson lacks sufficient knowledge or information to know whether Plaintiff Shawna Rodarte was treated with any of Ethicon, Inc.'s products; therefore, Johnson & Johnson denies that allegation. Johnson & Johnson denies the remaining allegations contained in Paragraph 35 of Plaintiff's Amended Complaint.

36.     Johnson & Johnson lacks sufficient knowledge or information to know whether Plaintiff Shawna Rodarte was treated with any of Ethicon, Inc.'s products; therefore, Johnson &

Johnson denies that allegation. Johnson & Johnson denies the remaining allegations contained in Paragraph 36 of Plaintiff's Amended Complaint.

37.     Johnson & Johnson denies the allegations contained in Paragraph 37 of Plaintiff's Amended Complaint.

38.     Johnson & Johnson admits only that Ethicon, Inc. sold TVT Exact for uses consistent with the packaging and labeling. Johnson & Johnson does not sell any product. Johnson & Johnson is without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in Paragraph 38 of Plaintiff's Amended Complaint; therefore, Johnson & Johnson denies that allegation.

39.     Johnson & Johnson denies the allegations contained in Paragraph 39 of Plaintiff's Amended Complaint.

40.     Johnson & Johnson lacks sufficient knowledge or information to know whether Plaintiff Shawna Rodarte was treated with any of Ethicon, Inc.'s products; therefore, Johnson & Johnson denies that allegation. Johnson & Johnson denies the remaining allegations contained in Paragraph 40 of Plaintiff's Amended Complaint.

41.     Johnson & Johnson lacks sufficient knowledge or information to know whether Plaintiff Shawna Rodarte was treated with any of Ethicon, Inc.'s products; therefore, Johnson & Johnson denies that allegation. Johnson & Johnson is without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in Paragraph 41 of Plaintiff's Amended Complaint; therefore, Johnson & Johnson denies those allegations.

42.     Johnson & Johnson lacks sufficient knowledge or information to know whether Plaintiff Shawna Rodarte was treated with any of Ethicon, Inc.'s products; therefore, Johnson & Johnson denies that allegation. Johnson & Johnson is without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in Paragraph 42 of Plaintiff's Amended Complaint; therefore, Johnson & Johnson denies those allegations.

43.     Johnson & Johnson lacks sufficient knowledge or information to know whether Plaintiff Shawna Rodarte was treated with any of Ethicon, Inc.'s products; therefore, Johnson & Johnson denies that allegation. Johnson & Johnson admits only that any content published as a result of the referenced studies speaks for itself. Johnson & Johnson denies the remaining allegations contained in Paragraph 43 of Plaintiff's Amended Complaint.

44.     Johnson & Johnson is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 44 of Plaintiff's Amended Complaint; therefore, Johnson & Johnson denies those allegations.

45.     Johnson & Johnson admits only that Ethicon, Inc. tested and promoted TVT Exact for uses consistent with the packaging and labeling, and that it is safe and effective for uses consistent with the packaging and labeling. Johnson & Johnson does not test or promote any product. Johnson & Johnson denies the remaining allegations contained in Paragraph 45 of Plaintiff's Amended Complaint.

46.     Johnson & Johnson lacks sufficient knowledge to know whether Plaintiff Shawna Rodarte was treated with any of Ethicon, Inc.'s products; therefore, Johnson & Johnson denies

that allegation. Johnson & Johnson denies the remaining allegations contained in Paragraph 46 of Plaintiff's Amended Complaint.

47.     Johnson & Johnson lacks sufficient knowledge to know whether Plaintiff Shawna Rodarte was treated with any of Ethicon, Inc.'s products; therefore, Johnson & Johnson denies that allegation. Johnson & Johnson denies the remaining allegations contained in Paragraph 47 of Plaintiff's Amended Complaint.

48.     Johnson & Johnson lacks sufficient knowledge to know whether Plaintiff Shawna Rodarte was treated with any of Ethicon, Inc.'s products; therefore, Johnson & Johnson denies that allegation. Johnson & Johnson denies the remaining allegations contained in Paragraph 48 of Plaintiff's Amended Complaint.

49.     Johnson & Johnson is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 49 of Plaintiff's Amended Complaint; therefore, Johnson & Johnson denies those allegations.

50.     Johnson & Johnson is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 50 of Plaintiff's Amended Complaint; therefore, Johnson & Johnson denies those allegations.

51.     Johnson & Johnson is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 51 of Plaintiff's Amended Complaint; therefore, Johnson & Johnson denies those allegations.

## RESPONSE TO "CAUSES OF ACTION"

## RESPONSE TO "COUNT I: NEGLIGENCE"

52.     Johnson & Johnson incorporates by reference its responses to each and every allegation contained in Paragraphs 1-51 of Plaintiff's Amended Complaint.

53.     Johnson & Johnson admits that Ethicon, Inc. has certain duties imposed on it by law, but denies that Ethicon, Inc. breached any of those duties. Johnson & Johnson denies the remaining allegations contained in Paragraph 53 of Plaintiff's Amended Complaint.

54.     Johnson & Johnson admits that Ethicon, Inc. has certain duties imposed on it by law but denies that Ethicon, Inc. breached any duties. Johnson & Johnson denies the remaining allegations contained in Paragraph 54 of Plaintiff's Amended Complaint.

55.     Johnson & Johnson admits that Ethicon, Inc. has certain duties imposed on it by law but denies that Ethicon, Inc. breached any duties. Johnson & Johnson denies the remaining allegations contained in Paragraph 55 of Plaintiff's Amended Complaint.

56.     Johnson & Johnson admits that Ethicon, Inc. has certain duties imposed on it by law but denies that Ethicon, Inc. breached any duties. Johnson & Johnson denies the remaining allegations contained in Paragraph 56 of Plaintiff's Amended Complaint.

57.     Johnson & Johnson denies the allegations contained in Paragraph 57 of Plaintiff's Amended Complaint.

58.     Johnson & Johnson denies the allegations contained in Paragraph 58 of Plaintiff's Amended Complaint.

59.     Johnson & Johnson denies the allegations contained in Paragraph 59 of Plaintiff's Amended Complaint.

60.     Johnson & Johnson denies the allegations contained in Paragraph 60, including subparts (a.) – (e.), of Plaintiff's Amended Complaint.

61.     Johnson & Johnson denies the allegations contain in Paragraph 61, including subparts (a.) – (l.), of Plaintiff's Amended Complaint.

62.     Johnson & Johnson denies the allegations contained in Paragraph 62, including subparts (a.) – (r.), of Plaintiff's Amended Complaint.

63.     Johnson & Johnson denies the allegations contained in Paragraph 63 of Plaintiff's Amended Complaint.

64.     Johnson & Johnson denies the allegations contained in Paragraph 64 of Plaintiff's Amended Complaint.

65.     Johnson & Johnson denies the allegations contained in Paragraph 65 of Plaintiff's Amended Complaint.

66.     Johnson & Johnson denies the allegations contained in Paragraph 66 of Plaintiff's Amended Complaint.

67.     Johnson & Johnson denies the allegations contained in Paragraph 67 of Plaintiff's Amended Complaint.

68.     Johnson & Johnson denies the allegations contained in Paragraph 68 of Plaintiff's Amended Complaint.

69.     Johnson & Johnson denies the allegations contained in Paragraph 69 of Plaintiff's Amended Complaint.

## RESPONSE TO "COUNT II: STRICT LIABILITY – DESIGN DEFECT"

70.     Johnson & Johnson incorporates by reference its responses to each and every allegation contained in Paragraphs 1-51 of Plaintiff's Amended Complaint.

71.     Johnson & Johnson lacks sufficient knowledge or information to know whether Plaintiff Shawn Rodarte was treated with any of Ethicon, Inc.'s products; therefore, Johnson & Johnson denies that allegation. Johnson & Johnson denies the remaining allegations contained in Paragraph 71 of Plaintiff's Amended Complaint.

72.     Johnson & Johnson denies the allegations contained in Paragraph 72 of Plaintiff's Amended Complaint.

73.     Johnson & Johnson lacks sufficient knowledge or information to know whether Plaintiff Shawna Rodarte was treated with any of Ethicon, Inc.'s products; therefore, Johnson & Johnson denies that allegation. Johnson & Johnson denies the remaining allegations contained in Paragraph 73 of Plaintiff's Amended Complaint.

74.     Johnson & Johnson lacks sufficient knowledge or information to know whether Plaintiff Shawna Rodarte was treated with any of Ethicon, Inc.'s products; therefore, Johnson & Johnson denies that allegation. Johnson & Johnson denies the remaining allegations contained in Paragraph 74 of Plaintiff's Amended Complaint.

75.     Johnson & Johnson lacks sufficient knowledge or information to know whether Plaintiff Shawna Rodarte was treated with any of Ethicon, Inc.'s products; therefore, Johnson & Johnson denies that allegation. Johnson & Johnson denies the remaining allegations contained in Paragraph 75 of Plaintiff's Amended Complaint.

76.     Johnson & Johnson denies the allegations contained in Paragraph 76of Plaintiff's Amended Complaint.

77.     Johnson & Johnson lacks sufficient knowledge or information to know whether Plaintiff Shawna Rodarte was treated with any of Ethicon, Inc.'s products; therefore, Johnson & Johnson denies that allegation. Johnson & Johnson denies the remaining allegations contained in Paragraph 77 of Plaintiff's Amended Complaint.

78.     Johnson & Johnson lacks sufficient knowledge or information to know whether Plaintiff Shawna Rodarte was treated with any of Ethicon, Inc.'s products; therefore, Johnson & Johnson denies that allegation. Johnson & Johnson denies the remaining allegations, including subparts (a.) – (l.), of Plaintiff's Amended Complaint.

79.     Johnson & Johnson denies the allegations contained in Paragraph 79 of Plaintiff's Amended Complaint.

80.     Johnson & Johnson denies the allegations contained in Paragraph 80 of Plaintiff's Amended Complaint.

81.     Johnson & Johnson denies the allegations contained in Paragraph 81 of Plaintiff's Amended Complaint.

82.     Johnson & Johnson denies the allegations contained in Paragraph 82 of Plaintiff's Amended Complaint.

### RESPONSE TO "COUNT III: STRICT LIABILITY – FAILURE TO WARN"

83.     Johnson & Johnson incorporates by reference its responses to each and every allegation contained in Paragraphs 1-51 of Plaintiff's Amended Complaint.

84.     Johnson & Johnson lacks sufficient knowledge or information to know whether Plaintiff Shawna Rodarte was treated with any of Ethicon, Inc.'s products; therefore, Johnson & Johnson denies that allegation. Johnson & Johnson denies the remaining allegations contained in Paragraph 84, including subparts (a.) – (r.), of Plaintiff's Amended Complaint.

85.     Johnson & Johnson admits that Ethicon, Inc. has certain duties imposed on it by law but denies that Ethicon, Inc. breached any duty. Johnson & Johnson denies the remaining allegations contained in Paragraph 85 of Plaintiff's Amended Complaint.

86.     Johnson & Johnson denies the allegations contained in Paragraph 86 of Plaintiff's Amended Complaint.

87.     Johnson & Johnson denies the allegations contained in Paragraph 87 of Plaintiff's Amended Complaint.

88.     Johnson & Johnson lacks sufficient knowledge or information to know whether Plaintiff Shawna Rodarte was treated with any of Ethicon, Inc.'s products; therefore, Johnson & Johnson denies that allegation. Johnson & Johnson denies the remaining allegations contained in Paragraph 88 of Plaintiff's Amended Complaint.

89.     Johnson & Johnson denies the allegations contained in Paragraph 89 of Plaintiff's Amended Complaint.

90.     Johnson & Johnson lacks sufficient knowledge or information to know whether Plaintiff Shawna Rodarte was treated with any of Ethicon, Inc.'s products; therefore, Johnson & Johnson denies that allegation. Johnson & Johnson denies the remaining allegations contained in Paragraph 90 of Plaintiff's Amended Complaint.

91.     Johnson & Johnson lacks sufficient knowledge or information to know whether Plaintiff Shawna Rodarte was treated with any of Ethicon, Inc.'s products; therefore, Johnson & Johnson denies that allegation. Johnson & Johnson denies the remaining allegations contained in Paragraph 91 of Plaintiff's Amended Complaint.

92.     Johnson & Johnson denies the allegations contained in Paragraph 92 of Plaintiff's Amended Complaint.

93.     Johnson & Johnson denies the allegations contained in Paragraph 93 of Plaintiff's Amended Complaint.

In response to the unnumbered WHEREFORE paragraph at the conclusion of Paragraph 93 of Plaintiff's Amended Complaint; Johnson & Johnson demands trial by jury. Johnson & Johnson denies that Plaintiff is entitled to any recovery or any form of relief whatsoever from Johnson & Johnson. Johnson & Johnson denies the remaining allegations contained in this paragraph of Plaintiff's Amended Complaint.

Johnson & Johnson denies any and all allegations contained in Plaintiff's Amended Complaint not specifically admitted hereinabove.

## DEFENSES

## FIRST DEFENSE

Plaintiff's claims against Johnson & Johnson are barred because Johnson & Johnson does not design, develop, manufacture, market, promote or sell any product allegedly at issue in this action.

## SECOND DEFENSE

Johnson & Johnson has never had possession or control over the product at issue in this action, and therefore the Amended Complaint as to each cause of action fails to state a claim against Johnson & Johnson.

## THIRD DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

## FOURTH DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted due to lack of adequate product identification.

## FIFTH DEFENSE

Plaintiff's claims are barred for lack of personal jurisdiction.

## SIXTH DEFENSE

Plaintiff may be barred from bringing some of the claims alleged in the Amended Complaint because Plaintiff may lack standing and/or capacity to bring such claims.

## SEVENTH DEFENSE

Plaintiff's claims and remedies and the defenses thereto are governed by the laws of a foreign jurisdiction or the laws of the United States.

## EIGHTH DEFENSE

Johnson & Johnson is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute in Colorado or any other state whose law is deemed to apply in this case.

## NINTH DEFENSE

Plaintiff's claims are barred by the doctrine of federal preemption, as established by statute, including the preemption provision of the Medical Device Amendments, 21 U.S.C. § 360k(a), to the federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301, *et seq.*, and by state and federal case law, and are barred by the Supremacy Clause of the United States Constitution, because the product at issue are regulated by the U.S. Food and Drug Administration ("FDA") under the Medical Device Amendments, 21 U.S.C. § 360k, *et seq.*, to the federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301, *et seq.*, and other federal statutes and regulations.

## TENTH DEFENSE

Johnson & Johnson does not design, develop, manufacture, license, market, distribute, sell and/or place in the stream of commerce any product. At all relevant times, however, the product was in full compliance with all applicable federal statutes and regulations, including but not limited to the Medical Device Amendments, 21 U.S.C. § 360k, *et seq.*, to the federal Drug and Cosmetic Act, 21 U.S.C. §§ 301, *et seq.*, and other federal statutes and regulations, and Plaintiff's claims are accordingly barred.

## ELEVENTH DEFENSE

Plaintiff's claims against Johnson & Johnson are expressly and/or impliedly preempted by federal law, including but not limited to the regulations promulgated by the FDA and contained in Chapter 21 of the Code of Federal Regulations. *See* 21 U.S.C. § 301 *et seq.*; *see also* Fed. Reg. 3922 (Jan. 24, 2006).

## TWELFTH DEFENSE

To the extent Plaintiff is attempting to plead a claim for exemplary damages by raising the damages in the WHEREFORE paragraph of her Amended Complaint, any such claim is improper under Colorado law as pled and should be stricken. *See* Colo. Rev. Stat. 13-21-102. Johnson & Johnson does not design, develop, manufacture, license, market, distribute, sell and/or place in the stream of commerce any product. Plaintiff's claims for exemplary damages nevertheless are barred because the entity responsible for the design, development, manufacture, licensing, marketing, distribution and/or sale of the product complied with all applicable state and federal statutes governing the product at issue that was implanted in Plaintiff, including the requirements and regulations promulgated by the FDA and contained in Chapter 21 of the Code of Federal Regulations, before selling the product as a Class II prescription medical device for the treatment of stress urinary incontinence in women.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the deference that federal and state constitutional law and federal and state common law give to discretionary actions by the FDA under the Federal Food, Drug & Cosmetic Act, 21 U.S.C. § 301 *et seq*., and regulations promulgated thereunder.

## FOURTEENTH DEFENSE

Any claims by Plaintiff relating to alleged communications with regulatory agencies in the United States government are barred in whole or in part by operation of applicable law, including the First Amendment rights of Johnson & Johnson to petition the government.

## FIFTEENTH DEFENSE

Johnson & Johnson does not manufacture, market, label, promote, distribute or sell any product nor has it ever had possession or control over the product at issue in this action. In any event, Plaintiff's claims regarding warnings and labeling are barred in whole or in part by the doctrine of primary jurisdiction, in that the FDA is charged under the law with determining the content of the labeling as defined by administrative regulations adopted pursuant to the FDCA for prescription medical devices, and the FDA has adopted and issued interpretative regulations and guidance that govern said product labeling which the product manufacturer must submit to FDA for its review and approval before the FDA will approve the product for its safety and effectiveness and allow it to be sold in the United States.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by Plaintiff's failure to assert a safer design for the product at issue.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part because the product at issue provided a benefit to users of such product and greatly outweighed any risk created by using such product, any risk could not have been avoided through the use of the highest standards of scientific and technical knowledge available at the time, the benefit provided to users could not be achieved in another manner with less risk, and adequate warnings concerning the risk were provided.

## EIGHTEENTH DEFENSE

The injuries and damages allegedly suffered in this action, which are denied, were not foreseeable to Johnson & Johnson given the state of scientific knowledge and state of the art at

the time of the alleged injuries. At all times relevant, the product at issue conformed to state-of-the-art specifications and state of scientific knowledge for such product at that time, as well as all applicable statutes and regulations, including those of the FDA.

## NINETEENTH DEFENSE

Plaintiff knowingly and voluntarily assumed any and all risks associated with the use of the product at issue in this case and thus the "last clear chance" and assumption of the risk doctrines bar in whole or in part the damages that Plaintiff seeks to recover herein.

## TWENTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the entity responsible for the product acted in good faith at all relevant times and gave adequate warnings of all known or reasonably knowable risks associated with the use of the product at issue.

## TWENTY-FIRST DEFENSE

Johnson & Johnson does not design, develop, manufacture, license, market, distribute, sell and/or place in the stream of commerce any product. At all relevant times herein, however, the product in question was manufactured and distributed with proper warnings, information, cautions, and instructions in conformity with generally recognized and prevailing standards in existence at the time.

## TWENTY-SECOND DEFENSE

Plaintiff's inadequate warning claims are barred because the alleged risk of which Plaintiff claims is open, obvious, and/or a matter of common knowledge to prescribing physicians who are educated, trained, licenses, and credentialed to use the product implanted in Plaintiff and are sophisticated users of the said product.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred in whole or in part because the product at issue was consistent with and/or exceeded consumer expectations.

## TWENTY-FOURTH DEFENSE

Johnson & Johnson does not design, develop, manufacture, license, market, distribute, sell and/or place in the stream of commerce any products. Plaintiff's claims are barred in whole or in part, however, because the product at issue was at all times properly prepared, packaged, and distributed and was not defective or unreasonably dangerous.

## TWENTY-FIFTH DEFENSE

Adequate and complete warnings and instructions were provided with the product at issue. Johnson & Johnson does not design, develop, manufacture, license, market, distribute, sell and/or place in the stream of commerce any product. The product at issue, however, was neither defective nor unreasonably dangerous when used according to its Instructions for Use.

## TWENTY-SIXTH DEFENSE

At all relevant times, the warnings and instructions accompanying the product at issue were governed by and conformed with applicable federal statutes, rules and regulations; therefore, warnings and instructions relating to the product were presumptively adequate.

## TWENTY-SEVENTH DEFENSE

Plaintiff's causes of action are barred by the learned intermediary doctrine.

## TWENTY-EIGHTH DEFENSE

Johnson & Johnson is not liable to Plaintiff because the end users of the product at issue, Plaintiff's physicians, were sophisticated users of the product.

## TWENTY-NINTH DEFENSE

Johnson & Johnson states that the sole proximate cause of the injuries and/or damages alleged by Plaintiff was the actions, omissions, or negligence of a person or persons, other than Johnson & Johnson, for whose actions, omissions, or negligence Johnson & Johnson is in no way liable. Plaintiff is not, therefore, entitled to recover from Johnson & Johnson in this action. As to Plaintiff or to any other entity or person whose conduct or intervening negligence resulted in the alleged injuries and/or damages of Plaintiff, if any, Johnson & Johnson expressly pleads the doctrines of assumption of risk, contributory negligence, comparative fault and/or comparative negligence, as well as the provisions of any applicable comparative fault and/or comparative negligence and/or contributory negligence statute, law or policy of Colorado or any other applicable state.

## THIRTIETH DEFENSE

The injuries and damages allegedly suffered in this action, which are denied, may have been caused, in whole or in part, by Plaintiff's own fault, which bars or proportionately reduces Johnson & Johnson's liability, if any, for Plaintiff's alleged damages.

## THIRTY-FIRST DEFENSE

Plaintiff voluntarily and unreasonably chose to encounter known dangers.

## THIRTY-SECOND DEFENSE

The liability of Johnson & Johnson, if any, for Plaintiff's non-economic loss must be apportioned in accordance with the provisions of the law of Colorado or any other state whose law is deemed to apply in this case.

### THIRTY-THIRD DEFENSE

In the event Johnson & Johnson is held liable to Plaintiff, which liability is expressly denied, and any other co-defendants are also held liable, Johnson & Johnson is entitled to a percentage contribution of the total liability from said co-defendants in accordance with principles of equitable indemnity and comparative contribution and pursuant to any applicable contribution or apportionment statute, law or policy of the applicable states.

### THIRTY-FOURTH DEFENSE

There is no causal relationship between Johnson & Johnson's conduct and the injuries and damages alleged by Plaintiff in the Amended Complaint.

### THIRTY-FIFTH DEFENSE

At all times mentioned herein, Plaintiff was negligent, careless and at fault and conducted herself so as to contribute substantially to her alleged injuries, losses, and damages. Said negligence, carelessness and fault of Plaintiff bars in whole or in part the damages which Plaintiff seeks to recover herein.

### THIRTY-SIXTH DEFENSE

Plaintiff's alleged injuries, losses, or damages attributable to the use of the product at issue in this case, if any, were solely caused by and attributable to the abnormal, unforeseeable, unintended, unreasonable, and improper use or misuse which was made of said product.

### THIRTY-SEVENTH DEFENSE

Plaintiff's alleged injuries, losses, or damages attributable to the use of the product at issue in this case, if any, were not legally caused by the product at issue, but instead were legally caused by intervening and superseding causes or circumstances.

### THIRTY-EIGHTH DEFENSE

Plaintiff's alleged injuries, losses, or damages attributable to the product at issue in this case, if any, were caused by the acts or omissions of third parties for which Johnson & Johnson has no legal responsibility.

### THIRTY-NINTH DEFENSE

Johnson & Johnson expressly denies any third party engaging in the acts alleged by Plaintiff was acting as Johnson & Johnson's agent or servant, at the instruction of Johnson & Johnson, or within its control. Therefore, Plaintiff's claims, to the extent they seek to recover for the acts or omissions of such third parties, are barred in whole or in part as a matter of law.

### FORTIETH DEFENSE

Plaintiff's causes of action are barred because the injuries and damages allegedly suffered in this action, which are denied, were due to an allergic, idiosyncratic or idiopathic reaction to the product at issue in this case, or by an unforeseeable illness, unavoidable accident, or preexisting condition, and/or another unrelated medical, genetic or environmental condition, disease or illness, without any negligence or culpable conduct by Johnson & Johnson.

### FORTY-FIRST DEFENSE

Plaintiff's claims are or may be barred by their failure to comply with conditions precedent to her right to recover.

### FORTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of avoidable consequences.

## FORTY-THIRD DEFENSE

The claims of Plaintiff may be barred, in whole or in part, from recovery, due to spoliation of evidence and the failure to preserve evidence necessary to the determination of the claims.

## FORTY-FOURTH DEFENSE

Plaintiff's claims against Johnson & Johnson are barred by the doctrines of equitable estoppel, laches, consent, waiver, informed consent, release, unclean hands, res judicata, and collateral estoppel. Additionally, if Plaintiff had or has filed bankruptcy during the relevant time period of the events alleged in the Amended Complaint or files for bankruptcy at some point in the future, the claims of Plaintiff may be "property of the bankruptcy estate" which should be prosecuted by the bankruptcy trustee rather than Plaintiff, or, if not disclosed by Plaintiff on the schedules and/or statement of financial affairs, may be barred by the doctrine of judicial estoppel.

## FORTY-FIFTH DEFENSE

Some or all of Plaintiff's claims may be barred by the statutes of limitations, prescription, and/or statutes of repose of Colorado or any other state whose law is deemed to apply in this case.

## FORTY-SIXTH DEFENSE

To the extent Plaintiff's claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred by *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2001).

## FORTY-SEVENTH DEFENSE

Plaintiff's alleged damages, if any, are barred in whole or in part by Plaintiff's failure to mitigate such damages.

## FORTY-EIGHTH DEFENSE

The sale, labeling and marketing of the product at issue in this litigation is not, and was not, likely to mislead or deceive the public.

## FORTY-NINTH DEFENSE

Plaintiff's claims are subject to and barred in whole or in part under Section 402A, comments j and k of the Restatement (Second) of Torts, and/or the Restatement (Third) of Torts: Products Liability, Sections 2, 4, and 6 and comments thereto. Adequate warnings and complete warnings were provided to Plaintiff's prescribing physician, and therefore, the product was not defective or unreasonably dangerous. All applicable statutes of the FDCA as amended and the requirements and regulations of the FDA prior to FDA's findings that the product was safe and effective as a Class II prescription surgical device for the treatment of stress urinary incontinence and its clearance of the product for sale in the United States have been complied with.

## FIFTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has released, settled, entered into an accord and satisfaction or otherwise compromised her claims by any means.

## FIFTY-FIRST DEFENSE

Any recovery by Plaintiff must be reduced or offset by all amounts paid, payable by, or available from collateral sources.

### FIFTY-SECOND DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted for costs, attorney's fees, expert fees, expenses, pre-judgment interest, post-judgment interest, refund, rescission, unjust enrichment, disgorgement or restitution.

### FIFTY-THIRD DEFENSE

Plaintiff's claims for pain and suffering are barred because they violate Johnson & Johnson's rights to procedural and substantive due process and equal protection as guaranteed by the Constitutions of the United States and Colorado or any other applicable state.

### FIFTY-FOURTH DEFENSE

Johnson & Johnson asserts the provisions of all applicable statutory caps on damages of any sort, including punitive, non-economic or exemplary damages, under the laws of Colorado or any other applicable state.

### FIFTY-FIFTH DEFENSE

Johnson & Johnson specifically pleads as to Plaintiff's strict liability claims, all defenses available to Johnson & Johnson under the rules and statutes of Colorado or any other state whose law is deemed to apply in this case, and under any common law principles of Colorado or any other state whose law is deemed to apply in this case.

### FIFTY-SIXTH DEFENSE

Johnson & Johnson specifically pleads as to Plaintiff's negligence claims all defenses available to Johnson & Johnson under the rules and statutes of Colorado or any other state whose law is deemed to apply in this case, and under any common law principles of Colorado or any other state whose law is deemed to apply in this case.

## FIFTY-SEVENTH DEFENSE

Johnson & Johnson hereby gives notice that it intends to rely upon and incorporate by reference any defenses that may be asserted by any co-defendant in this lawsuit.

## FIFTY-EIGHTH DEFENSE

Johnson & Johnson reserves the right to assert any additional defenses and matters in avoidance, which may be disclosed during the course of additional investigation and discovery.

## DEMAND FOR JURY TRIAL

Johnson & Johnson demands trial by jury of all issues as triable as a matter of right.

WHEREFORE, Defendant Johnson & Johnson prays that:

(1)     Plaintiff takes nothing by reason of the Amended Complaint;

(2)     The Amended Complaint is dismissed in its entirety and that a Judgment against Plaintiff and in favor of Johnson & Johnson is entered;

(3)     Johnson & Johnson be awarded its costs and expenses; and

(4)     This Court award Johnson & Johnson any other general or specific relief as this Court may deem just and proper.

Respectfully submitted this 25th day of November, 2020.

**BUTLER SNOW LLP**

By: *s/ Sarah Smyth O'Brien*
Sarah Smyth O'Brien
David G. Mayhan
1801 California Street, Suite 5100
Denver, Colorado 80202
Telephone: (720) 330-2300
sarah.obrien@butlersnow.com
david.mayhan@butlersnow.com

**THOMAS COMBS & SPANN, PLLC**

By: *s/ Susan M. Robinson*
Susan M. Robinson
300 Summers Street, Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 25338
Tel: 304.414.1800
Email: srobinson@tcspllc.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

  I hereby certify that on November 25, 2020, I electronically filed the foregoing document using the CM/ECF notification system which will send a notice of electronic filing to all parties of record.


          *s/ Gloria Anzar*_____
          Gloria Anzar