IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| SHAWNA RODARTE | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CASE NO. 1:20-cv-02401-RBJ |
| | ) |
| JOHNSON & JOHNSON AND | ) |
| ETHICON, INC., | ) |
| Defendants. | ) |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF INTENT TO FILE A MOTION FOR SUMMARY JUDGMENT

On July 20, 2021, Defendants Ethicon Inc. and Johnson & Johnson notified the Court that they intend to file a Motion for Summary Judgment in this case. The Defendants assert that they are entitled to summary judgment because Plaintiff is judicially estopped from asserting her claims due to Plaintiff's failure to disclose this lawsuit in her bankruptcy proceeding that was filed in 2015. In addition, Defendant asserts that the Plaintiff's failure to warn claims for strict liability and negligence fail due to lack of proximate causation for two independent reasons. First, Defendant alleges that the Plaintiff's implanting physician in 2017 did not read the instructions for use of the Defendants' mesh product, and therefore no additional warnings could have had an effect on his decision to use Defendants' mesh product. Second, Defendants state that Plaintiff's first implanting physician testified that he was aware of the risks and complications of the Defendants' mesh device prior to implantation of the device in Plaintiff.

Whether or not the Plaintiff is judicially estopped from asserting her claims against Defendants due to her failure to report this instant lawsuit in her 2015 bankruptcy is in dispute. The Plaintiff filed for bankruptcy in 2015, and the Chapter 13 repayment plan that bound all

1

parties and creditors was confirmed on August 26, 2016. Plaintiff made her final payment in December of 2020; just four months after this lawsuit was filed. It should be noted, the case that Defendants cite, New Hampshire v. Maine, to support that Plaintiff is estopped from asserting her claims against Defendants involves a boundary dispute, not a bankruptcy. 532 U.S. 742 (2001).

There are genuine issues of material fact in dispute regarding proximate causation. Defendants asserts there is a lack of proximate causation due to Plaintiff's implanting physician not recalling whether he read the product warnings, and that Plaintiff's implanting physician was independently aware of each and every risk and complication the Plaintiff experienced from the implantation of the mesh device. The Defendants cannot have it both ways; either Plaintiff's implanting physician knew of all the risks and complications of the device, or he did not because he did not read the instructions for use.

Plaintiff's implanting physician did not testify that he never read the mesh device's instructions for use; Plaintiff's implanting physician testified that he did not *recall* whether or not he read the device's instructions for use prior to the implantation of the device in 2017. Plaintiff's implanting physician's testimony that he would still use the TVT Exact device to this day does not mean that a different or additional warning on the device would not have prevented him from choosing Defendants' mesh device to remedy the Plaintiff's incontinence. In addition, proximate causation in this case does not solely rest on Plaintiff's implanting physician's decision to use the device; it also rests on what warnings were given to the implanting physician and in turn relayed to the Plaintiff; which affected her decision to have Defendants' mesh device implanted. Plaintiff's expert has stated that Plaintiff's implanting physician could not fully pass on this information regarding the risks of the device to the Plaintiff, because Defendants did not

fully disclose this information in their instructions for use, or to surgeons, including Plaintiff's implanting physician. Therefore, the Plaintiff was unable to make a fully informed decision when she consented to have the mesh device implanted. There are genuine issues as to the material facts regarding proximate causation in this case.

Dated: July 27, 2021

                                                  Respectfully submitted,

                                                  By: /*s/Rebecca Fredona*/
                                                  Rebecca Fredona
                                                  MOLL LAW GROUP
                                                  22 W Washington St, 15th Floor
                                                  Chicago, IL 60602
                                                  T: 312.462.1700
                                                  rfredona@molllawgroup.com
                                                  info@molllawgroup.com
                                                  **COUNSEL FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2021, a true and correct copy of the foregoing was served via the Court's ECF filing system on counsel of record.

*/s/Rebecca Fredona*
Rebecca Fredona